United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-20072
_____

GABRIEL GOFFNEY; JOYCE JONES,
As Next Friend of Gabriel Goffney,

Plaintiff-Appellees,

versus

THOMAS JAMES CARR; ET AL.,

Defendants,

THOMAS JAMES CARR; GARY GENE PARKER;
DAVID WAYNE HENNESSY; TOMMY EUGENE
KISER; VICTOR J. ZIGMONT; JOHN LOUIS
MORRISON; DENNIS L. BARKER,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. H-00-CV-3083
_____

Before JOLLY and WIENER, Circuit Judges, and WALTER, District
Judge.[*]

PER CURIAM:[**]

On February 22, 1998, in Harris County, Texas, Gabriel
Goffney, an individual with a history of mental illness, phoned 911
and informed the dispatcher that there was a man standing outside

_____

[*]District Judge, United States District Court for the Western
District of Louisiana, sitting by designation.

[**]Pursuant to 5th CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set for in 5th CIR. R. 47.5.4.

his house with knives. He then acquired two knives from the house, went outside, and waited for the police to arrive. Exactly what happened next is disputed by the parties, but the incident ended with Goffney being shot several times by officers at the scene. Goffney subsequently sued Harris County and various individual deputies alleging the use of excessive force, abuse of legal process, and malicious prosecution.

After a period of discovery, the individual defendants moved for summary judgment on the grounds of qualified immunity. The district court denied that motion, finding that there were contested issues of material fact regarding whether the deputies' actions were objectively reasonable in the light of the facts and circumstances at the time of the incident in question. The defendants sought interlocutory appeal of this denial.

We find that we lack jurisdiction to hear this interlocutory appeal. Although this court "can review a district court's conclusion that an issue of law is material," we lack jurisdiction to review whether a factual dispute is "genuine." Reyes v. City of Richmond, Tex., 287 F.3d 346, 350 (5th Cir. 2002). Thus, "orders that resolve a fact-related dispute of evidence sufficiency, i.e. which facts a party may, or may not, be able to prove at trial are not immediately appealable and must await final judgment." Cantu v. Rocha, 77 F.3d 795, 802 (5th Cir. 1996). The defendants give lip service to this correct legal standard; however, their argument that they are entitled to qualified immunity clearly rests on a

2

portrayal of contested issues of fact in a light that is not most favorable to the plaintiff.  In this way, they are asking this court to review the district court's finding that the factual dispute between the parties on the issue of qualified immunity is genuine – something we lack the jurisdiction to do.  Accordingly, the appeal is DISMISSED.